UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY BELL,<br>    Plaintiff,<br><br>v.<br><br>JENNIFER BLASING,<br>    Defendant. | Case No. 20-CV-4003 |

CASE MANAGEMENT ORDER

This cause is before the Court for consideration of Plaintiff's motion for leave to proceed *in forma pauperis* (IFP). [3]. The *pro se* Plaintiff is civilly detained in the Rushville Treatment and Detention Center.

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.,* 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to *proceed in forma pauperis* only if the complaint states a federal claim.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts

must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiff has identified one Defendant, Health Care Administrator Jennifer Blaesing.[1] Plaintiff says on an unspecified date, he filed a grievance complaining that the facility dentist had broken two of his teeth leaving the roots behind. In addition, Plaintiff accused the Dentist of lying about the extent of his periodontal disease. Consequently, Plaintiff asked for examination by an outside dentist.

Plaintiff says Defendant Blaesing called him to the Dentist's office on an unspecified day. Defendant Blaesing then reviewed Plaintiff's x-rays and "stuck her finger into (plaintiff's)mouth to examine (plaintiff's) condition." (Comp., p. 1).

The Defendant then stated she did not believe Plaintiff had any broken teeth left as a result of previous dental procedures, "nor was his condition beyond anything that he himself could take care of." (Comp., p. 2).

Plaintiff claims Defendant Blaesing performed an "unethical second opinion" and therefore was deliberately indifferent to his serious medical condition. (Comp, p. 2). Furthermore, Plaintiff claims the Defendant committed medical malpractice when she "reached the wrong conclusion." (Comp., p. 2).

There are several problems with Plaintiff's complaint. First, Plaintiff does not provide any dates or time frame for his allegations. Second, Plaintiff does not allege he

---

[1] Although this Defendant is listed as Jennifer "Blasing" in the caption to Plaintiff's complaint, Plaintiff identifies her as Jennifer "Blaesing" in his list of Defendants. (Comp., p. 1)

asked for medical care or requested an appointment. Instead, he claims Defendant Blaesing called him to the dentist's office and gave Plaintiff her opinion of his claims. The fact that Plaintiff disagrees with that opinion does not rise to the level of a constitutional violation. *See Montanez v. Mahaga*, 2020 WL 2085288, at *3 (E.D.Wis. April 30, 2020)(detainee's disagreement with provider's course of treatment is insufficient to state Fourteenth Amendment claim); *Martinez-Lopez v. Wurth*, 2020 WL 1530742, at *11 (N.D.Ill. March 31, 2020)(detainee's disagreement with course of treatment chosen by medical staff no sufficient to demonstrate medical care was constitutionally inadequate).

Third, it is not clear Defendant Blaesing is a medical provider responsible for providing direct, medical care. Plaintiff identifies the Defendant only as a Health Care Administrator.[2] Therefore, it is unclear how this Defendant could order medical care or approve an appointment with an outside medical provider.

Fourth, if Plaintiff was attempting to claim the state law tort of medical malpractice, his complaint is not sufficient. Illinois law requires any Plaintiff who is seeking damages for medical malpractice to file an affidavit with the complaint providing required information. *See* 735 Ill. Comp. Stat. § 5/2-622(a).

---

[2] Other, pending lawsuits involving Rushville in which Jennifer Baesing has been served as a Defendant would indicate she is not a medical provider. The Defendant is represented by Illinois Attorney General's Office, not attorneys for the medical provider. *See i.e. Walker v. Wexford*, Case No. 19-4055; *Stanbridge v. Wexford*, Case No. 18-4206

Most important, Plaintiff already has a pending case in the Central District of Illinois alleging Rushville Dentist Dr. Jacquelyn Mitchell broke two of his teeth and did not provide proper care for his periodontal disease. *See Bell v. Mitchell*, Case No. 19-4192, (Comp., p. 2). The case is in the very initial stages of discovery since a Scheduling Order was recently entered on May 4, 2020.

Plaintiff has not articulated a constitutional violation claim based on Defendant Blaesing offering her opinion of his dental condition. Plaintiff has not provided the required affidavit for a medical malpractice claim. Furthermore, since there are no surviving federal claims, this Court declines to exercise supplemental jurisdiction over any potential state law claims. *See* 28 U.S.C. §1367(c).

The Court does not believe Plaintiff can articulate a constitutional claim if given time to amend and therefore this case will be dismissed.

If Plaintiff believes he can articulate a claim alleging Defendant Blaesing provided constitutionally inadequate care for his dental condition, he should immediately file a motion for leave to amend in his pending litigation. Based on his allegations, any claim against Defendant Blaesing involves the same medical condition at the same facility in what appears to be the same time period.

IT IS THEREFORE ORDERED:

1) Plaintiff's petition to proceed in forma pauperis is denied because Plaintiff fails to state a federal claim. [2].

2) If Plaintiff believes he can articulate a constitutional violation, he must immediately file a proposed amended complaint in his pending case involving the same medical claim. *See Bell v. Mitchell*, Case No. 19-4192.

3) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C).

4) The clerk is directed to enter judgment pursuant to Federal Rule of Civil Procedure 58. This case is closed.

Entered this 28th day of May, 2020.

s/ James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE